NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN AQUINO, | No.   20-55783 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10489-CJC-SS |
| v. | |
| ALEJANDRO N. MAYORKAS, Secretary, Department of Homeland Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 10, 2021*
Pasadena, California

Before:  BERZON and BEA, Circuit Judges, and BENNETT,** District Judge.
Concurrence by Judge BERZON

Appellant Steven Aquino ("Aquino") appeals the district court's grant of summary judgment for Alejandro Mayorkas, Secretary of the Department of Homeland Security, in his Title VII employment discrimination action. We have

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291 and review a grant of summary judgment de novo. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004). As Aquino's claims are untimely, we affirm.

EEOC regulations promulgated pursuant to Title VII require aggrieved parties to exhaust their administrative remedies prior to bringing an action in federal court. *See Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Failure to comply with this regulation is 'fatal to a federal employee's discrimination claim.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)). It is undisputed that Aquino first contacted an EEO Counselor on September 17, 2014—more than six months after his termination, and well beyond the 45-day deadline prescribed by 29 C.F.R. § 1614.105(a). Accordingly, Aquino's discrimination claims are untimely.

Aquino contends that his claim did not accrue until August 8, 2014, when he became aware of facts supporting his claim that his termination was discriminatory. This argument is unavailing. An employment discrimination claim accrues upon actual or constructive "awareness of the adverse employment action," rather than "when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cnty. of S.F.*, 535

F.3d 1044, 1049–50 (9th Cir. 2008). Aquino was aware of his termination on February 25, 2014, and his removal was sustained on April 30, 2014. Aquino was therefore required to contact an EEO counselor no later than June 14, 2014—45 days after his termination became final. He did not meet this deadline.

Aquino also contends that he is entitled to statutory or equitable tolling for the same reason. 29 C.F.R. § 1614.105 requires the agency to extend the 45-day deadline when the aggrieved party can show:

> [(1)] that he or she was not notified of the time limits and was not otherwise aware of them, [(2)] that he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred, [(3)] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or [(4)] for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). The 45-day deadline is also subject to equitable tolling, *id.* § 1614.604(c), which requires Aquino to establish: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that

caused a litigant's delay are both extraordinary *and* beyond its control." (emphasis in original)).[1]

Aquino fails to make either showing. It is undisputed that Aquino was aware of his 45-day deadline to obtain EEO counseling. It is equally obvious that he was aware of the pertinent "personnel action"—his termination. Moreover, this Court is not persuaded that Aquino pursued his rights diligently, or that he was delayed by circumstances beyond his control: The record reflects that he appealed his removal to the TSA Office of Professional Responsibility Appellate Board, and that he has always believed his removal to be unfair and unduly harsh. This is not a case where facts were fraudulently concealed from the plaintiff, or where he was prevented from contacting an EEO Counselor by the applicable deadline—rather, Aquino was aware of the process for pursuing his claims further and elected not to do so. These facts are not sufficient to justify equitable tolling.

**AFFIRMED.**

---

[1] Aquino cites this Court's unpublished disposition in *Ho v. Brennan* for the proposition that the 45-day limit "extends to the point in time when an employee knows or should have known of the comparators' disparate treatment." 721 F. App'x 678, 681 (9th Cir. 2018). We decline to rely on *Ho*, as it is unpublished and nonprecedential. *See* Ninth Circuit Rule 36-3(a). Moreover, *Ho* involved a different aspect of the governing regulations. In *Ho*, the appellant challenged a grievance regarding her limited work status, and was thus required to seek counselling "'within 45 days of the matter alleged to be discriminatory.'" 721 F. App'x at 679–80 (quoting 29 C.F.R. § 1614.105(a)(1)). As Aquino challenges his termination, a personnel action, he was required to contact an EEO Counselor "within 45 days of the effective date of that action." 29 C.F.R. § 1614.105(a)(1).

*Steven Aquino v. Alejandro Mayorkas*,
No. 20-55783

BERZON, Circuit Judge, concurring:

I concur in the disposition except for the last three sentences of footnote one.

*Ho v. Brennan*, 721 F. App'x 678, 681 (9th Cir. 2018), is a non-precedential opinion, and it is therefore unnecessary for us to discuss it further. *See Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020).